UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

MARIO MASIC and BETHANY MASIC,

                                    Plaintiff,

        vs.

TOWN OF FRANKLINVILLE, NEW YORK,

                                    Defendant.

**NOTICE OF MOTION**

Civil Action No. 1:24-cv-00018-GWC

| | |
|---|---|
| MOTION MADE BY: | Hancock Estabrook, LLP, attorneys for Defendant Town of Franklinville, New York |
| DATE AND PLACE OF MOTION: | On submission before Hon. Geoffrey W Crawford at the U.S. District Court, Western District of New York, 2 Niagara Square Buffalo, NY 14202-3498 |
| SUPPORTING PAPERS: | Petition for submission by Giancarlo Facciponte; Attorney's Oath by Giancarlo Facciponte; Civility Principles and Appendix by Giancarlo Facciponte; Sponsoring Affidavit of Frank W. Miller, Esq. dated September 9, 2025; and e-filing registration form. |
| RELIEF REQUESTED: | Request an order be entered an Order granting the admission, *pro hac vice* of Giancarlo Facciponte, Esq., to participate as counsel for defendants, in all phases of the litigation of this matter, including trial; and (2) for such other and further relief as this Court may deem just and proper. |
| ANSWERING AFFIDAVITS: | To be served and filed in accordance with CPLR 2214(b). |

4906-5115-1718, v. 1

DATED: September 17, 2025

Respectfully submitted,

HANCOCK ESTABROOK, LLP

By:

Giancarlo Facciponte, Esq.
*Attorney for Defendant*
Hancock Estabrook, LLP
1800 AXA Tower I
100 Madison Street
Syracuse, New York 13202
Phone: 315.565.4561
Fax: 315.565.4661

To:    Rick S. Geiger, Esq, (Attorney for Plaintiffs) (via PACER)

4906-5115-1718, v. 1

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARIO MASIC and BETHANY MASIC,<br><br>Plaintiff,<br><br>vs.<br><br>TOWN OF FRANKLINVILLE, NEW YORK,<br>Defendant. | **MOTION FOR ADMISSION PRO HAC VICE**<br><br>Civil Action No. 1:24-cv-00018-GWC |

Pursuant to Rule 1.3 of the Local Rules of the United States Courts for the Western Districts of New York, Giancarlo Facciponte, hereby moves this Court for an Order for admission to practice Pro Hac Vice to appear as counsel for defendants with Frank Miller in the above-captioned action.

1. I am in good standing of the bar of the State of New York.

2. There are no pending disciplinary proceedings against me in any state or federal court.

3. I have never been convicted of a felony.

4. I have never been censured, suspended, disbarred or denied admission or readmission by any court.

5. A Certificate of Good Standing from a Court issued within the last six (6) months is attached.

**DATED:** September 17, 2025

Respectfully submitted,

**HANCOCK ESTABROOK, LLP**

By: _____

Giancarlo Facciponte, Esq.
*Attorney for Defendant*
Hancock Estabrook, LLP
1800 AXA Tower I
100 Madison Street
Syracuse, New York 13202
Phone: 315.565.4561
Fax: 315.565.4661

4906-5115-1718, v. 1

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NEW YORK

**IN THE MATTER OF THE APPLICATION OF**

Giancarlo Facciponte
_____
(Name)

**TO BE ADMITTED TO PRACTICE AS AN ATTORNEY**

TO THE HONORABLE Lawrence J Vilardo _____ ,
JUDGE OF THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF NEW YORK:

Giancarlo Facciponte _____ , petitioner herein, respectfully states:

1. That petitioner has an office for the practice of law at:

    ### Hancock Estabrook, LLP

2. That petitioner attended the following educational institutions and received the following degrees:

    ### Syracuse University College of Arts and Sciences and Syracuse University College of Law J.D.

3. Please complete either (a), (b), or (c):

<u>Admission by Petition</u>

(a)  That petitioner was admitted to practice by the Appellate Division of the Supreme Court, _____ Department of the State of

New York on the _____ day of _____, _____.

Additional Requirements:
   Admission Petition Form
   Admission Sponsoring Affidavit
   Attorney's Oath
   Civility Principles Oath
   Attorney Database and Electronic Case Filing Registration Form
   Check or money order in the amount of the Attorney Admission fee set forth in the District Court Schedule of Fees
      (due on upon admission)

<u>Admission by Certificate of Good Standing</u>

(b)  That petitioner was admitted to practice in the United States District Court of the _____ District of _____

on the _____ day of _____, _____, and is a member of the bar of the State in which that district court is
located and in which the petitioner maintains an office for the practice of law.

Additional Requirements:
   Original Certificate of Good Standing from the Clerk of Court of which he or she is a member
      (dated no earlier than six months prior to submission to this Court)
   Admission Petition Form (when attorney admitted to a District Court outside of New York State)
   Attorney's Oath
   Civility Principles Oath
   Attorney Database and Electronic Case Filing Registration Form
   Check or money order in the amount of the Attorney Admission fee set forth in the District Court Schedule of Fees
      (due on upon admission)

<u>Pro Hac Vice Admission</u>

(c)  That petitioner is admitted to practice in the State of **New York**                        .

Additional Requirements:
  Motion to Appear Pro Hac Vice
  Admission Petition Form
  Admission Sponsoring Affidavit
  Attorney's Oath
  Civility Principles Oath
  Attorney Database and Electronic Case Filing Registration Form
  Check, money order, or payment of fee online in the amount of the Pro Hac Vice fee set forth in the District Court
    Schedule of Fees (due upon application)
  Local Counsel in accordance with Local Rule of Civil Procedure 83.2(a)(1)

4.  Petitioner is admitted to the following courts:

**State of New York, Northern District of New York, Second Circuit Court of Appeals**

5.  Since such admission(s), petitioner has practiced in the following courts:

**State of New York, Northern District of New York, Second Circuit Court of Appeals**

  and has been involved in the following professional activities:

**Mr. Faccipone is a member of the New York State and Onondaga County Bar Associations**

6.  Please respond separately to each of the following questions:

  (a)  Have you ever been held in contempt of court?  ( )Yes (●)No

  (b)  Have you ever been sanctioned by a court?  ( )Yes (●)No

  (c)  Have you ever been publicly censured, admonished, advised, or cautioned in a disciplinary proceeding?  ( )Yes (●)No

  (d)  Have you ever been suspended or disbarred by any court?  ( )Yes (●)No

  (e)  Have you ever been denied admission or readmission to the Bar of any court?  ( )Yes (●)No

  (f)  Are you now the subject of any pending disciplinary proceeding OR the subject of any pending disciplinary complaint before any court?  ( )Yes (●)No

In the case of each affirmative answer to a question set forth above, the applicant shall file a confidential statement under seal disclosing the identity of the responsible court or disciplinary committee, as well as the date, background, outcome and any facts of a mitigating or exculpatory nature as may be pertinent. Such confidential statement, together with the petition, shall promptly be transmitted by the Clerk to the Chief Judge of the District for review, or in the case of a pro hac vice admission to the presiding judge.

7. That petitioner has read and is familiar with the provisions of Title 28 of the United States Code which pertains to jurisdiction of and venue in a United States District Court, the Federal Rules of Civil and Criminal Procedures, the Federal Rules of Evidence, the Local Rules of Practice for the United States District Court for the Western District of New York, the Code of Professional Responsibility as adopted by the Appellate Division of the State of New York and as interpreted and applied by the United States Supreme Court, the United States Court of Appeals for the Second Circuit, and this Court.

**WHEREFORE**, the petitioner respectfully requests to be admitted as an attorney in the United States District Court for the Western District of New York.

I declare (or certify, verify, or state) under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on: **September 4, 2025**
                    (Date)

                                                                            
                                                      (Signature of Petitioner)

(Revised August 30, 2023)

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

**ATTORNEY'S OATH**

STATE OF_New York_____ )
                            ) SS:
Onondaga ___COUNTY      )

I,_Giancarlo Facciponte_of_Syracuse, New York_____
                                              City, State

do solemnly swear or affirm that I will demean myself, as an attorney and counselor of the United

States District Court for the Western District of New York, uprightly and according to law; and I will

support the Constitution of the United States. So help me God.

I declare (or certify, verify, or state) under penalty of perjury under the laws of the United

States of America that the foregoing is true and correct.

Executed on: _September 4, 2025_
                        Date

_____
                    Signature of Attorney

Rev. 1/3/2023

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

IN THE MATTER OF THE APPLICATION OF

Giancarlo Facciponte

(Name of Petitioner)
TO BE ADMITTED TO PRACTICE AS AN ATTORNEY

SPONSORING
AFFIDAVIT

STATE OF NEW YORK    )
                     ) ss:
COUNTY OF ONONDAGA

Frank W. Miller
_____, being duly sworn deposes and says:
Name of Sponsor

1. I reside at: 9362 North Road, Bridgeport, NY 13030
                                    City, State

and maintain an office for the practice of law at: Hancock Estabrook, LLP, 1800 AXA Tower 1, 100 Madison Street, Syracuse, New York 13202

2. I am an attorney at law, admitted to practice in the Western District of New York

_____, I was admitted to practice in the United States District Court for the

Western District of New York on the 28th day of January, 1998.

3. I have known the petitioner since May 2019 and under the following circumstances: He was an associate attorney at The Law Firm of Frank W. Miller, PLLC and is now an associate at Hancock Estabrook, LLP, where I am a partner.

4. I know the following about the petitioner's moral character and fitness to be admitted to practice in this Court: _____
He is an honest, forthright, diligent, trustworthy, and hard working attorney

I declare (or certify, verify, or state) under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on: September 9, 2025
                    Date

_____
Signature of Sponsoring Attorney

Rev. 1/3/2023

# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF NEW YORK

## APPENDIX TO CIVILITY PRINCIPLES

## OATH OF OFFICE

I do solemnly swear (or affirm):

I will support the Constitution of the United States and the Constitution of the State of New York; I will maintain the respect due to Courts of Justice and judicial officers;

I will not counsel or maintain any suit or proceeding which shall appear to me to be unjust nor any defense that I do not believe to be honestly debatable under the law of the land;

In maintaining the causes confided to me, I will employ only means that are honorable, and will never seek to mislead the judge or jury by an artifice or false statement of fact or law;

I will maintain the confidences and preserve inviolate the secrets of my client, and will accept compensation solely from the client or a third-party with the knowledge and approval of the client;

I will abstain from all offensive behavior and advance no fact prejudicial to the honor and reputation of a party or witness, unless my ethical duty requires;

I will in all other respects conduct myself personally and professionally in conformity with the high standards of conduct imposed upon members of the bar who practice law in this State and before this Court.

(Signature)

# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF NEW YORK

## CIVILITY PRINCIPLES AND GUIDELINES

### PREAMBLE

A lawyer's conduct should be characterized at all times by personal courtesy and professional integrity in the fullest sense of those terms. In fulfilling our duty to represent a client vigorously as lawyers, we will be mindful of our obligations to the administration of justice, which is a truth- seeking process designed to resolve human and societal problems in a rational, fair, and efficient manner.

A judge's conduct should be characterized at all times by courtesy and patience toward all participants. As judges, we owe to all participants in a legal proceeding respect, diligence, punctuality, and protection against unjust and improper criticism or attack.

Conduct that may be characterized as uncivil, abrasive, abusive, hostile, or obstructive impedes the fundamental goal of resolving disputes rationally, fairly, and efficiently. Such conduct tends to delay and often to deny justice.

The following Guidelines are designed to encourage us, judges and lawyers, to meet our obligations to each other, to litigants and to the system of justice, and thereby achieve the twin goals of civility and professionalism, both of which are hallmarks of a learned profession dedicated to public service.

We encourage judges, lawyers and clients to make a mutual and firm commitment to these Guidelines.

We support the principles espoused in the following Guidelines, but under no circumstances should these Guidelines be used as a basis for litigation or for sanctions or penalties.

### Lawyers' Duties to Other Counsel

1. We will practice our profession with a continuing awareness that our role is to zealously advance the legitimate interests of our clients. In our dealings with others, we will not reflect the ill feelings of our clients. We will treat all other counsel, parties, and witnesses in a civil and courteous manner, not only in court, but also in all other written and oral communications, including social media. We will refrain from acting upon or manifesting bias or prejudice based upon race, sex, religion, national origin, disability, age, sexual orientation or socioeconomic status toward any participant in the legal process.

2.  We will not, even when called upon by a client to do so, abuse or indulge in offensive conduct directed to other counsel, parties, or witnesses.  We will abstain from disparaging personal remarks or acrimony toward other counsel, parties, or witnesses.  We will treat adverse witnesses and parties with fair consideration.

3.  We will not encourage or knowingly authorize any person under our control to engage in conduct that would be improper if we were to engage in such conduct.

4.  We will not, absent good cause, attribute bad motives or improper conduct to other counsel.

5.  We will not lightly seek court sanctions.

6.  We will in good faith adhere to all express promises and to agreements with other counsel, whether oral or in writing, and to all agreements implied by the circumstances or local customs.

7.  When we reach an oral understanding on a proposed agreement or a stipulation and decide to commit it to writing, the drafter will endeavor in good faith to state the oral understanding accurately and completely. The drafter will provide other counsel the opportunity to review the writing.  As drafts are exchanged between or among counsel, changes from prior drafts will be identified in the draft or otherwise explicitly brought to other counsel's attention.  We will not include in a draft matters to which there has been no agreement without explicitly advising other counsel in writing of the addition. This requirement may be satisfied by the use of legal redline or blackline.

8.  We will endeavor to confer early with other counsel to assess settlement possibilities.  We will not falsely hold out the possibility of settlement to obtain unfair advantage.

9.  In civil actions, we will stipulate to relevant matters if they are undisputed and if no good faith advocacy basis exists for not stipulating.

10.  We will not use any form of discovery or discovery scheduling as a means of harassment.

11.  Whenever circumstances allow, we will make good faith efforts to resolve by agreement objections before presenting them to the court.

12.  We will not time the filing or service of motions or pleadings in any way that unfairly limits another party's opportunity to respond.

13.  We will not request an extension of time solely for the purpose of unjustified delay or to obtain unfair advantage.

14.  We will consult other counsel regarding scheduling matters in a good faith effort to avoid scheduling conflicts.

15.  We will endeavor to accommodate previously scheduled dates for hearings, depositions, meetings, conferences, vacations, seminars, or other functions that produce good faith calendar conflicts on the part of other counsel.

16. We will promptly notify other counsel and, if appropriate, the court or other persons, when hearings, depositions, meetings, or conferences are to be canceled or postponed.

17. We will agree to reasonable requests for extensions of time and for waiver of procedural formalities, provided our clients' legitimate rights will not be materially or adversely affected.

18. We will not cause any default or dismissal to be entered without first notifying opposing counsel, when we know his or her identity, unless the rules provide otherwise.

19. We will take depositions only when actually needed.    We will not take depositions for the purpose of harassment or other improper purpose.

20. We will not engage in any conduct during a deposition that would not be appropriate in the presence of a judge.

21. We will not obstruct questioning during a deposition or object to deposition questions unless permitted under applicable law.

22. During depositions, we will ask only those questions we reasonably believe are necessary, and appropriate, for the prosecution or defense of an action.

23. We will carefully craft document production requests so they are limited to those documents we reasonably believe are necessary, and appropriate, for the prosecution or defense of an action. We will not design production requests to place an undue burden or expense on a party, or for any other improper purpose.

24. We will respond to document requests reasonably and not strain to interpret requests in an artificially restrictive manner to avoid disclosure of relevant and non-privileged documents.    We will not produce documents in a manner designed to hide or obscure the existence of particular documents, or to accomplish any other improper purpose.

25. We will carefully craft interrogatories so they are limited to those matters we reasonably believe are necessary, and appropriate, for the prosecution or defense of an action, and we will not design them to place an undue burden or expense on a party, or for any other improper purpose.

26. We will respond to interrogatories reasonably and will not strain to interpret them in an artificially restrictive manner to avoid disclosure of relevant and non-privileged information, or for any other improper purpose.

27. We will work cooperatively with all counsel on e-discovery issues, and, if necessary, involve information technology personnel to collaborate on e-discovery issues.

28. We will base our discovery objections on a good faith belief in their merit and will not object solely for the purpose of withholding or delaying the disclosure of relevant information, or for any other improper purpose.

29. When a draft order is to be prepared by counsel to reflect a court ruling, we will draft an order that accurately and completely reflects the court's ruling. We will promptly prepare and submit a proposed order to other counsel and attempt to reconcile any differences before the draft order is presented to the court.

30. We will not ascribe a position to another counsel that counsel has not taken.

31. Unless permitted or invited by the court, we will not send copies of correspondence among counsel to the court.

32. We will accept primary responsibility, after consultation with the client, for making decisions about procedural agreements. We will explain to our clients that cooperation among counsel in such matters is the professional norm and may be in the clients' interests. We will explain the nature of the matter at issue in any such proposed agreements and explain how such agreements do not compromise the clients' interests.

33. Nothing contained in these Guidelines is intended nor shall these Guidelines be construed to inhibit vigorous advocacy, including vigorous cross-examination.

### Lawyers' Duties to the Court

1. We will speak and write civilly and respectfully in all communications with the court.

2. We will be punctual and prepared for all court appearances so that all hearings, conferences, and trials may commence on time; if delayed, we will notify the court and counsel, if possible.

3. We will be considerate of the time constraints and pressures on the court and court staff inherent in their efforts to administer justice.

4. We will not engage in any conduct that brings disorder or disruption to the courtroom. We will advise our clients and witnesses appearing in court of the proper conduct expected and required there and, to the best of our ability, prevent our clients and witnesses from creating disorder or disruption.

5. We will not knowingly misrepresent mischaracterize, misquote, or miscite facts or authorities in any oral or written communication to the court.

6. We will not communicate *ex parte* with the court, including the judge's staff, on substantive matters in pending actions, except in an emergency situation or when permitted by the court or by law.

7. Before dates for hearings or trials are set, or if that is not feasible, immediately after such date has been set, we will attempt to verify the availability of necessary participants and witnesses so we can promptly notify the court of any likely problems.

8. We will act and speak civilly to court marshals, clerks, court reporters, probation staff, judicial assistants, and law clerks with awareness that they, too, are an integral part of the judicial system.

## Court's Duties to Lawyers

1. We will be courteous, respectful, and civil to lawyers, parties, and witnesses. We will maintain control of the proceedings, recognizing that judges have both the obligation and the authority to insure that all litigation proceedings are conducted in a civil manner.

2. We will not employ hostile, demeaning, or humiliating words in opinions or in written or oral communications with lawyers, parties, or witnesses.

3. We will be punctual in convening all hearings, meetings, and conferences; if delayed, we will notify counsel, if possible.

4. In scheduling all hearings, meetings and conferences, we will be considerate of time schedule of lawyers, parties, and witnesses.

5. We will make all reasonable efforts to decide promptly all matters presented to us for decision.

6. We will give the issues in controversy deliberate, impartial, and studied analysis and consideration.

7. While endeavoring to resolve disputes efficiently, we will be considerate of the time constraints and pressures imposed on lawyers by the exigencies of litigation practice.

8. We recognize that a lawyer has a right and a duty to present a cause fully and properly, and that a litigant has a right to a fair and impartial hearing. Within the practical limits of time, we will allow lawyers to present proper arguments and to make a complete and accurate record, and to present a case free from unreasonable or unnecessary judicial interruption.

9. We will not impugn the integrity or professionalism of any lawyer on the basis of the clients whom or the causes which a lawyer represents.

10. We will do our best to insure that court personnel act civilly toward lawyers, parties, and witnesses.

11. At an appropriate time and in an appropriate manner, we will bring to a lawyer's attention conduct that we observe that is inconsistent with these standards.

## Judges' Duties to Each Other

1. We will be courteous, respectful, and civil in opinions, ever mindful that a position articulated by another judge is the result of that judge's earnest effort to interpret the law and the facts correctly.

2. In all written and oral communications, we will abstain from disparaging personal remarks or criticisms, or sarcastic or demeaning comments about another judge.

3. We will endeavor to work with other judges in an effort to foster a spirit of cooperation in our mutual goal of enhancing the administration of justice.

# UNITED STATES DISTRICT COURT

# Western District of New York

## ATTORNEY DATABASE & ELECTRONIC CASE FILING REGISTRATION FORM

The Clerk's Office maintains a database of attorneys admitted in the District. To ensure the data we enter for you is correct, please fill out the form below and submit it with your other papers when you are admitted. Our local rules require you to report changes to your name, firm affiliation, office address, email, and/or phone number within 30 days.

This form shall also be used to register for an account on the Courts' Case Management/Electronic Files (CM/ECF) system. Registered attorneys will have privileges to electronically submit and to view the electronic docket sheets and documents. By registering, attorneys consent to receiving electronic notice of filings through the system. The following information is required for registration.

Instructions: PLEASE TYPE OR PRINT. If you use two surnames or have a hyphenated surname, please indicate how you would like the name entered into our records, i.e., first surname as middle name, both surnames in last name field, etc.

| |
|---|
| Check One: __X__ New Registration    _____ Update Address/Email/Phone |
| First Name: Giancarlo |
| Middle Name or Initial: _____ |
| Last Name: Facciponte |
| Firm Name: Hancock Estabrook, LLP |
| Firm Address: 1800 AXA Tower 1, 100 Madison Street |
| Suite: _____ |
| City: Syracuse        State: _____   Zip: 13202 - 2791 |
| Phone Number: 315 565 4561        FAX Number: 315 565 4500 |
| Primary E-Mail Address: gfacciponte@hancocklaw.com |
| Additional E-Mail Address(es) to receive notices: shopkins@hancocklaw.com |

Page 1 of 2

Attorneys seeking to file documents electronically must be admitted to practice in the United States District Court for the Western District of New York.

Method of Admission: **Pro Hac Vice**

(Petition, Certificate of Good Standing, *pro hac vice*)

Date admitted to practice in this Court: **Pending**

(write "pending" if admission is pending)

If admitted pro hac vice:
Date motion for pro hac vice granted: _____ in case number: **1:24-cv-18 (TJV)**

Government attorneys do not need to seek admission. United States Attorneys, Assistant United States Attorneys, special attorneys appointed under 28 U.S.C. §§ 515 and 543, Federal Public Defenders, Assistant Federal Public Defenders, and any attorney employed by a federal agency, may practice before this Court on any matter within the scope of their employment by submitting to the Clerk of Court this Electronic Case Filing Registration Form and filing a notice of appearance as required by Local Rule of Civil Procedure 83.2(b).

By submitting this registration form, the undersigned agrees to abide by all Court rules, orders and policies and procedures governing the use of the electronic filing system. The undersigned also consents to receiving notice of filings pursuant to Fed. R. Civ. P. 5(b) and 77(d) via the Court's electronic filing system. The combination of user id and password will serve as the signature of the attorney filing the documents.

Attorneys must protect the security of their passwords and immediately notify PACER and the court if they learn that their password has been compromised.

_____          **September 4, 2025**
Signature of Registrant                            Date

Please note that this form is required to be completed by any attorneys seeking to be admitted to this District and submitted with the admission application. If you have been previously admitted to practice in this court and need to update your contact information or are a government attorney submitting this registration to request an account or, you may email the form to CMECF_Support@nywd.uscourts.gov, or mail it to the following address:

Mary C. Loewenguth
United States District Court
Attn: CM/ECF Registration
2 Niagara Square
Buffalo, New York 14202

Form updated 1/3/2023

Page 2 of 2

AO 136 (Rev. 10/13) Certificate of Good Standing

# UNITED STATES DISTRICT COURT

for the

## Northern District of New York

**CERTIFICATE OF GOOD STANDING**

I, _____ John M. Domurad _____, Clerk of this Court,

certify that _____ GIANCARLO FACCIPONTE _____ , Bar # _____ 520126 _____,

was duly admitted to practice in this Court on _____ June 23, 2016 _____ , and is in good standing as a member

of the Bar of this Court.

Dated at _____ Syracuse, New York _____ on _____ May 2, 2025 _____
                        *(Location)*                                    *(Date)*

JOHN M.  DOMURAD
*CLERK*

*Tracey Donovan*

*DEPUTY CLERK*